**In the Matter of Nicholas P. CHOLIS.**

**In the Matter of Paul T. CHOLIS.**

**Nos. 10845404, 10845405.**

Supreme Court of Indiana.

Nov. 6, 1985.

Edward O. DeLaney, Barnes & Thornburg, Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

These disciplinary proceedings, which arise out of the same series of events, were initiated against the Respondents by the Disciplinary Commission of this Court. Both Respondents are charged with violating Disciplinary Rules 7–102(A) and 1–102(A) of the *Code of Professional Responsibility.* In accordance with Admission and Discipline Rule 23, this Court appointed a Hearing Officer who has now tendered his findings of fact, conclusions of law and recommendation to this Court. Neither the Disciplinary Commission nor the Respondents have petitioned for review of these findings. In that these cases involve identical factual and legal issues, they are hereby consolidated for all further proceedings.

Having examined all matters submitted in this case, this Court now finds that both Respondents are members of the Bar of this State and are, thus, subject to the jurisdiction of this Court. We find further that on July 2, 1982, Herman Harold Rodin executed his Last Will and Testament in the presence of the Respondents. Rodin died on October 24, 1983, without revoking or amending his will. On December 9, 1983, at the request of the widow, Marjorie K. Rodin, Nicholas P. Cholis told Paul T. Cholis to retype the first page of Rodin's will which had been executed on July 2, 1982. Paul Cholis typed the substitute first page and Nicholas Cholis wrote on the bottom margin the initials "H.R.". The substitute first page differed from the original first page of the Will in that it named Steven R. Rodin as a purported devisee of an interest in real estate located in the State of Georgia. Under the original Will, said real estate would have passed to Marjorie K. Rodin, the widow of Herman Rodin and mother of Steven Rodin. Steven Rodin was not a beneficiary under the Will as originally executed. Nicholas Cholis removed and destroyed the first page of the Will executed on July 2, 1982, and in its place substituted the newly typed first page, thus creating an "altered Will".

On behalf of Marjorie K. Rodin, the Executrix under the Will, Nicholas Cholis executed a Verified Proof of Will, appeared in the St. Joseph Circuit Court, presented a Petition for Probate of Will together with the Verified Proof of Will and altered Will, and offered the same for probate in the St.

Joseph Circuit Court. The altered Will was probated on December 9, 1983.

This Court now finds that by engaging in the above noted course of conduct, each Respondent violated Disciplinary Rule 7–102(A) of the *Code of Professional Responsibility* in that they concealed or knowingly failed to disclose that which is required by law to be revealed, knowingly used false evidence, knowingly made a false statement of law or fact, participated in the creation of evidence known to be false, counseled or assisted a client in conduct known to be illegal or fraudulent, and knowingly engaged in conduct contrary to a disciplinary rule; Respondents also violated Disciplinary Rule 1–102(A) of the *Code of Professional Responsibility* in that they engaged in conduct that involved dishonesty, fraud, deceit, or misrepresentation and engaged in conduct prejudicial to the administration of justice which adversely reflects on their fitness to practice law.

The misconduct present in this case is very serious. Our system of testamentary distribution of property is predicated on a belief that a person of sound mind should be afforded great discretion in the selection of beneficiaries. When a person employs an attorney to prepare a Will, he is placing his trust in that professional to prepare a document to accomplish his intent. And when it can be assumed, as in this case, that the attorney who prepared the Will also will participate in the final distribution of the property, it can be assumed that the Testator trusted this attorney to accomplish the Testator's intent. Likewise, when an attorney appears in probate court, the Court must be able to trust the validity of the instrument offered. The misconduct is grave in this case because the Respondents' failure to honor these obligations raises a genuine question as to their integrity. They have breached the trust placed in them by their client and our legal profession.

There are, however, some unusual, mitigating circumstances present in this case. The appointed Hearing Officer found that Herman Rodin, the decedent, and his wife, Marjorie, were friends with and clients of Nicholas Cholis. Nicholas Cholis had been attorney for Mrs. Rodin's parents and the families had been social friends for at least 25 years. Herman Rodin had, in his Last Will and Testament, made provisions for his daughters from a previous marriage, but had not made any provisions for his and Marjorie's son, Steven Rodin. Marjorie Rodin became extremely distraught over this failure of Steven to be mentioned in the Will. Over a period of some six weeks, Mrs. Rodin repeatedly requested and urged Nicholas Cholis to do something to alleviate her distraught condition. The requested alteration would not affect the interests of any other beneficiary. Under the original Will, Mrs. Rodin would have received the entire interest in the Georgia real estate in question. This persistence resulted in a decision by Nicholas Cholis to accommodate Marjorie Rodin. The alteration was viewed, under those circumstances, as achieving internal peace on the part of Mrs. Rodin and a feeling on the part of the son that he had not been rejected or forgotten by his father, yet not adversely affecting the rights of others.

The Hearing Officer further found that, upon receipt of the Notice of Investigation, the Respondents took diligent steps to set aside what had been done and to probate the original Will. Respondents have acknowledged the impropriety of their acts and apologize for any adverse consequences which may have resulted.

These findings in mitigation of the Hearing Officer come before this Court unchallenged; accordingly, it is appropriate that they be given consideration in our determination of an appropriate sanction. Thus, in light of the misconduct in this case and the mitigating circumstances demonstrated, this Court now concludes that a brief period of suspension is warranted.

It is therefore ordered that, by reasons of the violation of the *Code of Professional Responsibility* as set forth above, the Respondents, Nicholas P. Cholis and Paul T. Cholis be, and hereby are, suspended from the practice of law for a period of ninety

(90) days beginning December 6, 1985. Following such period of suspension the Respondents shall be automatically reinstated to the practice of law in this State subject to the provisions set forth in Admission and Discipline Rule 23, Section 4(b).

Costs of these proceedings are assessed against Respondents.