In the Matter of Robin L. BROWN.

No. 885S314.

Supreme Court of Indiana.

July 6, 1988.

James H. Voyles, Ober, Symes, Cardwell, Voyles and Zahn, Indianapolis, for respondent.

Gregory M. Fudge, Staff Atty., Indiana Supreme Court Disciplinary Com'n, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This proceeding was initiated by the filing of a two count complaint charging the Respondent with misconduct under the then applicable *Code of Professional Responsibility for Attorneys at Law.* In accordance with the procedures set forth in Admission and Discipline Rule 23, a Hearing Officer was appointed, a hearing was conducted, and findings of fact and conclusions of law have been tendered for our consideration. Neither party has petitioned for review.

There being no objections offered to the findings and conclusions tendered by the appointed Hearing Officer and upon our examination of all matters now before the Court, we now adopt the Hearing Officer's findings of fact as hereinafter set forth. Accordingly, this Court now finds that the Respondent is a attorney admitted to the Bar of this state and therefore subject to the discipline of this Court.

In both Counts of this Complaint, the Respondent is charged with knowingly using false evidence, knowingly making a false statement of law or fact, and participating in the creation or preservation of evidence she knew or it is obvious that the evidence was false in violation of Disciplinary Rules 7–102(A)(4), (5), and (6); engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Disciplinary Rule 1–102(A)(4); with engaging in conduct that adversely reflects on her fitness to practice law in violation of Disciplinary Rule 1–102(A)(6); and with neglecting a legal matter entrusted to her in violation of Disciplinary Rule 6–101(A)(3). The alleged misconduct emanates from Respondent's representation of individuals in proceedings before the United States Social Security Administration (SSA), Department of Health and Human Services.

Under Count I of the complaint, we find that the Respondent was employed to represent an individual on a Request for Reconsideration of disability benefits before the SSA. On February 18, 1983, the Request for Reconsideration was denied. A Request for Hearing was due to be filed on or before April 23, 1983; this was not done. Thereafter, the Respondent was advised that the Request for Hearing could be submitted on or before May 10, 1983. Respon-

dent was out of town, did not return before the due date, and did not file the Request for Hearing before May 10, 1983.

Under the regulations of the SSA, a Request for Hearing must be filed within sixty days of the denial of the Request for Reconsideration in order to confer jurisdiction in the Administrative Law Judge. Such jurisdiction, however, may also be conferred upon a finding of good cause by the Administrative Law Judge. Respondent was not aware of this latter procedure which generally leads to the requested relief.

On May 12, 1983, Respondent submitted to the SSA a Request for Hearing form which purportedly had been submitted to the SSA on or about April 13, 1983 and officially acknowledged by the SSA on such date. This acknowledgment was purportedly signed by "D. Redman", an SSA employee. In truth and in fact, the Request for Hearing form had not been submitted, acknowledged, or signed as represented by the Respondent. At the time the form was submitted, the Respondent was fully aware of these misrepresentations.

Under Count II, we now find that the Respondent, in the representation of another client before the SSA, engaged in conduct similar to that noted above under Count I. Again, the time period for filing a Request of Hearing expired and the Respondent filed a form which purportedly had been submitted, received, and acknowledged by the SSA in a timely fashion. These representations were known by the Respondent to be false at the time the form was filed. In this matter, the case was concluded before the SSA with no adverse affect on the client because of Respondent's acts.

Although we have adopted the Hearing Officer's tendered findings of fact, we do not accept the Hearing Officer's conclusions of law predicated on such finding. We are not obligated to do so. *In re Jones* (1984), Ind., 464 N.E.2d 1281; *In re Crumpacker* (1978), 269 Ind. 630, 383 N.E.

2d 36, *cert. denied* (1979) 444 U.S. 979, 100 S.Ct. 481, 62 L.Ed.2d 406. Based on the above findings, this Court must conclude under both counts that the Respondent violated the *Code of Professional Responsibility* as charged. The preparation and submission of knowingly false documents in an administrative proceeding before the SSA constitutes the use of false evidence, the making of a false statement, and the creation of evidence known to be false; this conduct violates Disciplinary Rules 7–102(A)(4), (5), and (6). This obvious misrepresentation also violates Disciplinary Rule 1–102(A)(4) and demonstrates conduct which adversely reflects on Respondent's fitness to practice law in violation of Disciplinary Rule 1–102(A)(6). The motivation for this misconduct was Respondent's failure to timely submit requisite pleadings on behalf of her clients. This failure to accomplish the ends of representation, accordingly, also demonstrates an underlying neglect which violates Disciplinary Rule 6–101(A)(3).

Having found misconduct, it is now the duty of this court to impose an appropriate disciplinary sanction. We note that in his findings of fact and conclusions of law, the Hearing Officer indicated that there was testimony presented during the hearing stages of this proceeding to the effect that the Respondent was a fit person to continue in the practice of law. By reason of this testimony, the Hearing Officer concluded that a Public Reprimand should be imposed for the misconduct demonstrated in this case. We do not share the Hearing Officer's views as to sanction which now stand before this court as a recommendation. The measure of discipline is within the discretion of this Court. *In re Brown* (1987), Ind., 511 N.E.2d 1032; *In re Gibbs* (1971), 256 Ind. 692, 271 N.E.2d 729.

Whether or not a person is fit to practice law is considered in our assessment of an appropriate disciplinary sanction. However, we must also consider the nature of the violation, the specific acts of the Respondent, the impact on the public, and this

Court's responsibility to preserve the integrity of the Bar. *In re Briggs* (1987), Ind., 502 N.E.2d 890; *In re Stanton* (1986), Ind., 492 N.E.2d 1056; *In re Duffy* (1985), Ind., 482 N.E.2d 1137.

This case involves an intentional misrepresentation in the course of professional conduct. Respondent deliberately presented to a adjudicatory body documents known to be false with a view toward the deceiving that agency. In the eyes of this Court, this is a very serious matter and the degree of discipline must demonstrate our concern. Taking all of these factors into consideration, we now conclude that a period of suspension is appropriate for the misconduct found in this case.

It is therefore ordered by this Court that, by reason of the professional misconduct found under the complaint filed in this cause, the Respondent is suspended from the practice of law in the State of Indiana for a period of one year, beginning August 1, 1988.

Costs of this proceeding are assessed against the Respondent.