**In the Matter of David W. WILHELMUS.**

No. 49S00–8709–DI–836.

Supreme Court of Indiana.

Oct. 31, 1988.

## ORDER ACCEPTING RESIGNATION

Comes now David W. Wilhelmus, the Respondent herein, and tenders his Verified Petition for Leave to Resign and Affidavit pursuant to Admission and Discipline Rule 23, Section 17.

And this Court, being duly advised, now finds that David W. Wilhelmus has met the requirements of the above noted Rule and, accordingly, that his resignation should be accepted. In light of this, we find further that this matter should be dismissed as moot.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that David W. Wilhelmus is hereby removed as a member of the Bar of this State and the Clerk of this Court is directed to remove his name from the Roll of Attorneys. It is also Ordered that this matter is dismissed as moot.

IT IS FURTHER ORDERED that David W. Wilhelmus must comply with the provisions of Admission and Discipline Rule 23, Section 4, in order to become eligible for reinstatement at a future date.

The Clerk of this Court is directed to forward notice of this Order in accordance with the provisions of Admission and Discipline Rule 23, Section 3(d) governing disbarment and suspension.

Costs of this proceeding are assessed against David W. Wilhelmus.

All Justices concur.

**In the Matter of Robin L. BROWN.**

No. 885 S 314.

Supreme Court of Indiana.

Oct. 31, 1988.

## ORDER RECONSIDERING SANCTION

SHEPARD, Chief Justice.

Comes now the Respondent in this case and files her "Petition for Reconsideration of Disciplinary Sanction", wherein she prays that this Court reconsider the one year disciplinary sanction imposed on her under this cause.

And this Court, being duly advised, now finds that the requested relief should be granted and that the severity of the disciplinary sanction should be lessened.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by this Court that the one year suspension from the practice of law commencing on August 1, 1988, as previously imposed under this cause is now amended to provide that the Respondent shall be and hereby is suspended from the practice of law for a period of six months, commencing on August 1, 1988.

IT IS FURTHER ORDERED that after the six month period of suspension imposed under this order, the Respondent shall be automatically reinstated to the practice of law in the State of Indiana subject to the payment of costs of this proceeding.

The Clerk of this Court is directed to forward a copy of this Order to all parties who were provided notice of the suspension previously imposed.

DeBRULER and DICKSON, JJ., concur.

GIVAN and PIVARNIK, JJ. dissent and would deny Respondent's petition.