**In the Matter of Alisa G. COHEN.**

No. 49S00–9508–DI–945.

Supreme Court of Indiana.

Sept. 6, 1996.

Alisa G. Cohen, Indianapolis, Karl L. Mulvaney, Bingham Summers Welsh & Spilman, Indianapolis, for Respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

### DISCIPLINARY ACTION

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission charged Alisa G. Cohen in a two-count verified complaint for disciplinary action with neglecting two clients' cases, failing to communicate with one, misrepresenting the status of a case to the other, and being deceitful in her response to the underlying grievance. The respondent and the Disciplinary Commission reached an agreement and tendered for our approval a "Statement of Circumstances and Conditional Agreement for Discipline" pursuant to *Admission and Discipline Rule 23, Section 11(c)*. We have decided to approve the agreement.

The respondent was admitted to the Indiana Bar in 1985; she practices in Indianapolis. Regarding the allegations of Count I of the complaint, the parties agree and we find that in September of 1992, a female client hired the respondent to represent the client in a paternity suit. After a hearing on December 8, 1992, the trial judge imposed visitation restrictions favorable to the respondent's client. The opposing counsel was to draft an appropriate written order for the judge's signature. The respondent received the proposed draft order on June 2, 1993. She tried to contact her client by telephone but was not successful because the client's telephone had been disconnected. The respondent finally forwarded the proposed order to her client on December 7, 1993. Shortly thereafter, the respondent met with her client, and they agreed that the order did not contain the visitation limitations discussed at the court hearing. The respondent

did not correct the proposed order draft. In May of 1994, the client hired another attorney.

As to Count II, we find that in June of 1992 two clients retained the respondent to pursue a claim against a realty company and prior home owners based upon misrepresentations made during the purchase of the clients' home. In December of 1992, the respondent drafted a complaint and obtained the clients' approval of the draft. Thereafter, the respondent told her clients that she had filed the complaint in January of 1993 and provided the clients with a specific case number. In August of 1993, she asked them to sign an amended complaint under the pretext that she originally had failed to join the realty company. This so-called "Amended Complaint" was filed as the original "Complaint" on September 22, 1994, some twenty-one months later than the date of filing the respondent had given to her clients.

When confronted with this discrepancy, the respondent told her clients that the case had been dismissed without prejudice in May, 1994, pursuant to Trial Rule 41(E), and that the amended complaint had been refiled as a complaint. All this was untrue as the respondent had first filed the case in September of 1994. The case number she had provided to her clients belonged to an unrelated case. After making several unsuccessful attempts to communicate with the respondent, the clients notified her on September 19, 1994, that they were discharging her as their attorney and requested the return of their papers. On March 1, 1995, the clients hand-delivered a letter to the respondent's office, again discharging her and requesting

return of their materials. Thereafter, they filed a grievance with the Disciplinary Commission. The respondent did not return the requested materials until May 26, 1995, after the grievance was filed.

The Disciplinary Commission referred the grievance to the Grievance Committee of the Indianapolis Bar Association for initial investigation. In a letter to said committee, dated November 29, 1994, the respondent again stated that she had filed the case in January, 1993, that the case had been dismissed pursuant to Trial Rule 41(E) in May, 1994, and that she had refiled the case as an original complaint on September 22, 1994. The respondent finally disclosed the truth on May 11, 1995, through her attorney.

The foregoing agreed findings clearly and convincingly establish that the respondent failed to act with reasonable diligence and promptness on her clients' behalf and failed to keep her clients reasonably informed, in violation of *Prof.Cond.Rules 1.3* [1] and *1.4(a)* [2]. Additionally, under Count II, the respondent failed to withdraw from the case after being discharged by her clients and thereby violated *Prof.Cond.R. 1.16(a)(3)* [3]. By failing to surrender the materials requested by the clients to which the clients were entitled, the respondent violated *Prof.Cond.R. 1.16(d)* [4]. By lying to her clients and to the Indianapolis Bar Association Committee investigating this grievance the respondent knowingly made false statements of material fact and failed to disclose a fact necessary to correct a misapprehension, in violation *Prof.Cond.Rules 8.1(a)* [5] and *(b)* [6]; thus, she engaged in conduct that is prejudicial to the

1. *Prof.Cond.R. 1.3* states that a lawyer shall act with reasonable diligence and promptness in representing a client.

2. *Prof.Cond.R. 1.4(a)* states that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

3. *Prof.Cond.R. 1.16(a)(3)* provides, among other things, that a lawyer shall not represent a client or, where representation has commenced, shall withdraw if the lawyer is discharged.

4. *Prof.Cond.R. 1.16(d)* provides that upon termination of representation, a lawyer shall take

steps to protect the client's interests and surrender papers and property to which the client is entitled.

5. *Prof.Cond.R. 8.1(a)* provides that a lawyer shall not knowingly make a false statement of material fact in connection with a disciplinary matter.

6. *Prof.Cond.R. 8.1(b)* provides that a lawyer shall not knowingly fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.

administration of justice, in violation of *Prof. Cond.R. 8.4*.

As a sanction for the respondent's misconduct the parties propose that she be suspended from the practice of law for a period of six (6) months, with 90 days stayed, and a year of probation under specific conditions.

Having neglected her clients' interests, the respondent exacerbated her misconduct by attempting to extricate herself through deceit. Most troubling is her steadfast adherence to this deceitful course of conduct through the initial stages of investigation. As a member of the Bar licensed by this Court to represent the interests of others, the respondent is called upon to conform to a well defined set of professional standards. Integrity is a fundamental element of this professional status. By perpetrating and continuing an intentional falsehood, the respondent breached this most fundamental duty. This Court finds such conduct intolerable. We are also mindful that the Disciplinary Commission and the respondent agree that mitigating circumstances exist. During the period of time in question, the respondent was under considerable stress because of family circumstances and health problems. Due to these circumstances, the respondent suffered from depression for which she is still being treated. She has refunded to the clients all legal fees collected in connection with the two cases, is remorseful, and is determined to follow both the letter and spirit of the *Rules of Professional Conduct.* Also, prior to this proceeding, there have been no other disciplinary proceedings involving the respondent.

In light of the findings and the foregoing considerations, we find that the proposed sanction is well within the range imposed for similar conduct involving dishonesty and multiple incidents of misconduct, and we accept the agreement of the parties.[7]

Accordingly, the respondent, Alisa G. Cohen, is hereby suspended from the practice of law for a period of six (6) months, with the first ninety (90) days being actual suspension and the second ninety (90) days being stayed. At the completion of the ninety (90) days of actual suspension, the respondent shall be on professional probation for a period of one (1) year, under the following conditions:

1.  The respondent shall continue her psychological therapy and counseling.

2.  The respondent shall participate in the monitoring program offered by the Impaired Lawyers Committee of the Indiana State Bar Association.

3.  The respondent's treating psychologist shall report quarterly to the Impaired Lawyers Committee monitor assigned to the respondent.

4.  The Impaired Lawyers Committee and the monitor assigned to the respondent shall report quarterly to the Executive Secretary of the Disciplinary Commission (Executive Secretary).

5.  The respondent shall report any changes in her home or business address or changes in treating psychologist to the Executive Secretary within 14 days of such changes.

6.  The respondent shall comply in all other respects with the Indiana Rules of Professional Conduct.

---

7.  Respondent was suspended for one year for deliberately creating a false document, introducing it as evidence in court while under oath, and lying to the disciplinary body investigating the grievance. *Matter of Barratt,* 663 N.E.2d 536 (Ind.1996); Respondent was suspended for four months for misrepresenting facts to an administrative authority and a court. *Matter of Lebamoff,* 630 N.E.2d 560 (Ind.1994); Respondent was suspended for two months for knowingly making false statements. *Matter of Ouellette,* 636 N.E.2d 1251 (Ind.1994); Respondent was suspended for 30 days for single incident of making a false statement in connection with a disciplinary matter. *Matter of Shumate,* 626 N.E.2d 459 (Ind.1993); Deliberate misrepresentation of information on employment application to government agency warranted one year suspension. *Matter of Rajan,* 526 N.E.2d 1185 (Ind.1988); Preparation and submission of knowingly false information in administrative proceeding before Social Security Administration warranted one year suspension. *Matter of Brown,* 524 N.E.2d 1291 (Ind.1988). On reconsideration showing convincing mitigators, the suspension was reduced to six months. *Matter of Brown,* 529 N.E.2d 1308 (Ind.1988). The preparation and submission of knowingly false documents in an administrative proceeding before the Social Security Administration warranted one year suspension. *Matter of Price,* 429 N.E.2d 961 (Ind. 1982).

7. The respondent shall reimburse the Disciplinary Commission for any further costs incurred in the course of the probation.

This Court will maintain continuing jurisdiction of this proceeding until such time as the Executive Secretary certifies to this Court that the respondent has complied with the terms of this order. Upon her successful completion of the probation, the respondent will be reinstated to the practice of law fully and without any restrictions.

Should the respondent fail to comply with the conditions of probation, the Executive Secretary may petition this Court for revocation of the stayed ninety (90) days of her suspension. Should the Court find that the respondent has breached any of the conditions of her probation, the Court may revoke the stay, thereby suspending the respondent for the entire six (6) months, at the completion of which she will not be reinstated automatically but may seek reinstatement pursuant to *Admission and Discipline Rule 23(4)* and *(18)*.

The respondent's suspension shall begin October 7, 1996. The costs of this proceeding are assessed against the respondent.