**In the Matter of Michael J. SIEGEL.**

No. 49S00–9111–DI–891.

Supreme Court of Indiana.

April 14, 1999.

Kevin P. McGoff, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

Attorney Michael J. Siegel filed, on behalf of a client, a voluntary bankruptcy petition that the respondent knew misrepresented the ownership status of the client's personal residence. For this intentional deception of a tribunal, we find that respondent Siegel should be suspended from the practice of law.

The respondent's admission to this state's bar in 1975 confers with us disciplin-ary jurisdiction over this matter. This case formally commenced with the Disciplinary Commission's filing of a four-count *Verified Complaint for Disciplinary Action* in 1991. That complaint was subsequently amended three times. The last amended complaint was filed in December 1996. This Court appointed a hearing officer pursuant to Ind.Admission and Discipline Rule 23(11)(b) who, following hearing, has tendered to us her findings of fact and conclusions of law, finding that the respondent violated the *Rules of Professional Conduct for Attorneys at Law.* The respondent has petitioned this Court for review of those findings and con-clusions. Admis.Disc.R. 23(15). This matter is now before this Court for final resolution as the final arbiter of attorney misconduct and sanction. *Matter of Manns,* 685 N.E.2d 1071 (Ind.1997). We note that the Commis-sion carries the burden of proof to demon-strate attorney misconduct by clear and con-vincing evidence. *Matter of Christoff and Holmes,* 690 N.E.2d 1135 (Ind.1997).

The Commission moved to dismiss Counts I and II of the complaint at the commence-ment of the hearing. Because the hearing officer granted that motion, we will consider only the allegations of misconduct in Counts III and IV of the complaint. Under Count IV, we find that the Commission failed clear-ly and convincingly to demonstrate that the respondent violated the *Rules of Profession-al Conduct.*

We now find that under Count III, a client retained the respondent in 1987 to provide legal advice with regard to a demand from third parties that he return partial distribu-tion from a trust. The client had used a $49,000 partial distribution from the trust to purchase a home in Indianapolis. He was unmarried at the time of purchase, but sub-sequently married. After his marriage, the client did not grant his wife any title to the real estate.

Third parties demanded that the client return $10,000 to the trust. The client re-tained the respondent to represent his inter-ests, telling him that his main concern was to retain his home. The respondent recom-mended that he file a Chapter 7 bankruptcy petition in order to discharge his obligation

to repay the trust. On September 25, 1987, the respondent filed a petition for bankruptcy on behalf of his client. In the petition, the respondent sought an exemption for the client's entire $37,000 equity in the residence, pursuant to I.C. 34-2-28-1 *et seq.* Under the law as it existed at that time, ownership of the home jointly with his wife would have resulted in exemption of the entire equity in the home, and not just the $7,500 equity exemption available for individual ownership. When the petition was filed, the respondent knew that the residence was not titled jointly in the client and his wife's name. On October 6, 1987, some 11 days after filing the petition for bankruptcy, the respondent prepared a quitclaim deed conveying the property from the client to the client and his wife as tenants in the entireties. During the course of the bankruptcy, the client's wife was required to quitclaim her interest in the residence to the bankruptcy trustee. The client lost all equity in his real estate except for the $7,500 statutory exemption.

■ In his petition for review, the respondent argues that the equitable doctrine of *laches* should be invoked to require a finding of no misconduct under Count III. In civil law, the doctrine of laches has three elements: inexcusable delay in asserting a right; implied waiver from a knowing acquiescence of existing conditions; and circumstances resulting in prejudice to the adverse party. *Simon v. City of Auburn, Ind., Bd. of Zoning Appeals,* 519 N.E.2d 205 (Ind.Ct. App.1988), *Matter of Geisler,* 614 N.E.2d 939, 941 (Ind.1993). Successful invocation of the doctrine in civil cases has included proof that available witnesses did not have a distinct recollection of the details of the case or that they had no access to records which would disclose the same. *French v. State,* 547 N.E.2d 1084, 1088 (Ind.1989).

The facts underlying invocation of the doctrine in this disciplinary case, the respondent argues, are that some six years passed between the alleged misconduct and the time a grievance was filed with the Commission detailing the charges. An additional four years elapsed between the filing of the grievance and hearing of this case. The respondent contends that, due to the passage of time, he could not remember the circumstances giving rise to Count III and therefore was prejudiced by being unable to provide an adequate defense for himself at hearing of this matter.

■ No statute of limitations exists for disciplinary cases in this state, and we have never expressly ruled that laches may be invoked as a defense to disciplinary charges.[1] There may be factual situations in which the expiration of time destroys the fundamental fairness of the entire proceeding. *Geisler,* 614 N.E.2d 939, 940 (other citations omitted). However, mere delay does not preclude disciplinary action—generally, there must be some showing of clear and specific prejudice. *Id.*

■ The record in the present case does not contain a sufficient factual basis demonstrating that specific prejudice resulted from a delay between the filing of the grievance against the respondent and final hearing. On November 23, 1993, the respondent furnished the Commission with his response to the grievance filed against him, stating:

> This case is six (6) years old and I truly do not have any independent recollection about this matter other than I met with the client, filed his bankruptcy, appeared in Court and withdrew from the case pursuant to client instructions.

The respondent's statement clearly demonstrates that he could not have been prejudiced by any delay between November 1993 and hearing of this matter in 1997, as his recollection was unchanged between these times. Any prejudice based on delay must, then, have been due to the passage of six years between the conduct at issue (occurring in 1987) and the time (1993) the grievant chose to file a grievance. However, the respondent testified at hearing that his bankruptcy practice was a "clinic style" practice in which he handled about 1,000 cases per year, or an average of four per day. He had

---

1. In *Geisler,* we noted that jurisdictions differed in their approach: some recognized delay as a defense, others found delay to be a mitigating factor, and still others did not allow delay to bar a disciplinary proceeding. 614 N.E.2d at 940. We concluded in that case that the record did not present an appropriate factual basis for addressing the issue.

practiced in this manner for over 15 years. Much of the information for the filings was supplied by his clients in response to form questionnaires. Thus, any failure of recollection of the facts underlying the grievance was not the product of the passage of time, but rather the volume and nature of the respondent's practice. Therefore, no fundamental unfairness or prejudice can be attributed to the six years that passed between the conduct at issue and the time the grievant chose to report the respondent's acts to the Commission. Finally, the respondent presented no evidence demonstrating the unavailability of the bankruptcy case file. Again, any failure of recollection of the respondent at hearing, whether due to memory lapse or lost documents, cannot be attributed to the passage of time. Accordingly, he was not prejudiced by any delay.

Indiana Professional Conduct Rule 3.3(a)(1) provides that it is professional misconduct for a lawyer to make a false statement of material fact to a tribunal. The respondent violated that provision by preparing and filing the bankruptcy petition knowing that it provided erroneous statements as to the ownership status of his client's residence. By allowing the bankruptcy to go forward knowing that the transfer of ownership of the residence from the client to the client and his wife had not yet been executed, the respondent violated Ind.Professional Conduct Rule 3.3(a)(2), which provides that a lawyer shall not knowingly fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a client's fraudulent act against a tribunal. By advising his client to file a bankruptcy petition that contained false statements, the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation in violation of Prof.Cond.R. 8.4(c).

Having found misconduct, we now turn to the issue of proper sanction. Relevant to this analysis is the nature of the misconduct, actual or potential injury flowing from the misconduct, the state of mind of the respondent, the duty of this Court to preserve the integrity of the profession, the potential injury to the public in permitting the respondent to continue in the profession, and matters in mitigation, extenuation or aggravation. *Matter of Robak,* 654 N.E.2d 731, 735 (Ind.1995). The respondent purposely misinformed the bankruptcy court as to the important matter of ownership of the petitioner's home in order to try to secure an equity exemption to which his client was not entitled. His client ultimately lost much of the equity in his home and the bankruptcy court was subjected to needless delay and inconvenience. The accuracy of documents and instruments utilized before a tribunal in a proceeding is of the utmost importance to the administration of justice and fraudulent alteration of such documents by an officer of the court is therefore severe misconduct. *Matter of Fisher,* 684 N.E.2d 197 (Ind.1997). Where attorneys have submitted false or fraudulent documents to tribunals, we have imposed significant periods of suspension. *Matter of Barratt,* 663 N.E.2d 536 (Ind.1996) (one year suspension for creating false document for submission to court); *Matter of Brown,* 524 N.E.2d 1291 (Ind.1988)(one year suspension for submission of false documents in proceeding before Social Security Administration). In light of these considerations, we conclude that a substantial period of suspension from the practice of law is warranted in this case.

It is, therefore, ordered that the respondent, Michael J. Siegel, is hereby suspended from the practice of law in this state for a period of not less than nine (9) months, effective May 21, 1999. At the conclusion of that period, he may petition for reinstatement to the bar of this state, provided he can satisfy the requirements of Admis.Disc.R. 23.

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against the respondent.