ATTORNEY FOR THE RESPONDENT
Alan S. Townsend
Indianapolis, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Donald R. Lundberg, Executive Secretary
Robert C. Shook, Staff Attorney
Indianapolis, Indiana

---

### In the
# Indiana Supreme Court



No. 49S00-0411-DI-475

IN THE MATTER OF:

DANIEL CUELLER,

*Respondent.*

Attorney Discipline Action

February 27, 2008

Per Curiam.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and on the post-hearing briefing by the parties. We find that Respondent, Daniel Cueller, engaged in attorney misconduct by failing to hold property of clients properly in trust, failing to maintain a ledger with separate records for each client with funds deposited in a trust account, and knowingly making false statements of material fact to the Disciplinary Commission in connection with this disciplinary matter.

The Respondent's 1986 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. See IND. CONST. art. 7, § 4. For his misconduct, we find that Respondent

should be suspended from the practice of law in this state for a period of six months, with all but 30 days stayed, subject to an 18-month period of probation.

## Background

The charges of the disciplinary complaint against Respondent begin with the following chronology of events:

January 24, 2002    Respondent deposited a $4,500.00 check, received in settlement of a client's claim ("settlement check"), into his attorney trust account. Of this amount, the client was entitled to $3,400.00.

February 12, 2002    The balance in the trust fund account fell below $3,400.00.

February 19, 2002    Respondent made a $4,673.08 deposit into his trust account, consisting of four checks unrelated to the client's case.

February 20, 2002    The balance in the trust fund account again fell below $3,400.00.

February 27, 2002    Respondent wrote a $3,400.00 check to the client ("client check").

March 4, 2002    The client check was returned for insufficient funds.

March 5-12, 2002    Respondent deposited $1,384.08 in funds unrelated to client's case.

March 12, 2002    The client check cleared. The balance afterward was $180.60.

Between the time the settlement check was deposited and the time the client check cleared, Respondent had made six withdrawals totaling $5,100.00 from his trust account for his own benefit.

When the Commission asked about the overdraft, Respondent told the Commission by letter that it was because he had given the client check to the client prior to making his "trust account deposits," which the Commission and hearing officer understood to mean the settlement check ("First Statement"). Respondent later told the Commission that he believed he had deposited the settlement check on February 19, 2002 ("Second Statement"). Still later, Respondent told the Commission he believed the overdraft occurred because he had mistakenly

taken too much for his fees for the client's case out of the trust fund account. He said he told the client not to cash the client check until he could redeposit the excess fees, but the client did not wait[1] ("Third Statement"). The deposit Respondent made after the client check was dishonored, however, was unrelated to the client's case. The hearing officer found the three "conflicting explanations were knowingly made by the Respondent and each statement was false."

## Discussion

Respondent does not dispute that he was negligent in maintaining and keeping records for his trust account. He admits that he used his trust account as an informal savings account for himself and that he was "out of trust" regarding the funds he owed to the client. He denies, however, making any knowingly false statements to the Commission.

Respondent contends his First Statement was actually correct because the "trust account deposits" did not refer to deposit of the settlement check, but rather to the unrelated funds Respondent made after the client picked up the client check. Respondent's letter to the Commission in which he made the First Statement goes on to say: "To insure there will be no further trust account issues, clients will wait until settlement checks are deposited and cleared before the client receives his or her settlement proceeds." This implies that the overdraft at issue occurred because Respondent had given the client check to the client before Respondent had deposited the settlement check, which was incorrect.

Respondent admits the Second Statement—that the settlement check was deposited on February 19, 2002—was incorrect. He contends, however, that he corrected the misstatement in a follow-up letter as soon as he received bank statements showing the deposit was actually made on January 24. A later correction, however, does not necessarily mean an original false statement was not knowingly made.

---

[1] The client admitted that Respondent asked him to wait three or four days to cash the client check and that he did not wait.

Respondent contends that the Third Statement—that he asked the client not to cash the client check "so I could make sure to redeposit my excess fees"—was accurate. Respondent, however, made no deposit representing reimbursement of excess fees between the time the client check was dishonored and the time it cleared. Respondent contends that nearly all the amounts he deposited during this period were his own funds (*e.g.*, fees from other clients, rental income), not client funds. Nevertheless, the evidence supports a finding that Respondent's statement was knowingly false in its implication that Respondent intended to deposit an amount certain representing his excess fees to cover the client check rather than depositing miscellaneous unrelated checks from various sources so the client check would clear.

The review process in disciplinary cases involves *de novo* examination of all matters presented to the Court, but the Hearing Officer's findings receive emphasis due to the unique opportunity for direct observation of witnesses. *See* In re Kern, 555 N.E.2d 479, 480 (Ind. 1990). The Commission carries the burden of proof to demonstrate attorney misconduct by clear and convincing evidence. *See* Ind. Admission and Discipline Rule 23(14)(h); In re Siegel, 708 N.E.2d 869, 870 (Ind. 1999).

The Court concludes the record in this case supports the hearing officer's finding that Respondent made knowingly false statements to the Commission. Even if Respondent's Second Statement was an innocent misstatement, the evidence regarding the First and Third Statements shows an intent to mislead the Commission into believing Respondent's trust fund problem was an isolated (and remedied) event rather than an on-going, systemic failure.

In addressing another attorney's breach of his duty of complete candor toward the Commission, this Court stated:

> Respondent's less than honest response to the Commission's initial investigative inquiry represents a significant breach of professional ethics. As a member of a licensed and regulated profession, Respondent and all lawyers are called upon to conform to a rigid set of ethical guidelines. Fundamental in this framework is the concept that lawyers must abide by high standards of integrity and honesty. Respondent's deceitful statements represent a serious departure from these expected norms. Further, ours is a profession that is largely self-governed. It is a perversion of the disciplinary enforcement mechanism when a lawyer

4

intentionally places false statements of fact before the Commission. Such actions seriously inhibit the ability of the Commission to effectively carry out its mission.

In re Shumate, 626 N.E.2d 459, 461 (Ind. 1993) (imposing a suspension from the practice of law for a period of not less than thirty days).

Because of Respondent's knowingly false statements to the Commission, the Court concludes that a period of active suspension is warranted.

## **Conclusion**

The Court finds that Respondent violated these rules, which prohibit the following misconduct:

Ind. Admission and Discipline Rule 23(29)(a)(3): Failure to maintain a ledger with separate records for each client with funds deposited in a trust account.

Ind. Professional Conduct Rule 1.15(a): Failure to hold property of clients properly in trust.

Ind. Professional Conduct Rule 8.1(a): Knowingly making a false statement of material fact to the Disciplinary Commission in connection with a disciplinary matter.

Although Respondent was also charged with violation of Professional Conduct Rule 8.4(b) for alleged conversion of client funds, the Court concludes the evidence does not support a finding of such misconduct.

For this professional misconduct, the Court suspends Respondent from the practice of law for a period of six months, beginning April 11, 2008, with all but 30 days stayed, subject to an 18-month period of probation beginning at the end of Respondent's active suspension. During probation, Respondent shall have his trust account monitored by a CPA at his own expense to criteria acceptable to the Disciplinary Commission, who will then report quarterly to the Commission on Respondent's compliance with the Rules of Professional Conduct and the Admission and Discipline Rules governing lawyer trust accounts.

5

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this opinion to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.