In the Matter of Fara P. EVANS,
Respondent.

No. 98S00–0401–DI–38.

Supreme Court of Indiana.

Sept. 3, 2008.

*ORDER FINDING MISCONDUCT
AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, Barbara Malone, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that the Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The Court concludes that the following findings of fact made by the hearing officer are supported by the evidence and accepts them.

In February 1999, a client ("Client") hired Respondent to represent her in a pending divorce from her husband ("Husband"). Client and Husband had an informal arrangement regarding custody and visitation of their daughter ("Child"), who was about one-year old. Client directed Respondent to attempt to secure an interim order that granted her primary physical custody of Child.

In April 1999, Client learned that Child was staying with her paternal grandmother while Husband was out-of-town. Acting on Respondent's advice. Client called the police, who took Child from the grandmother and gave her to Client. Husband then filed a motion for an interim order granting him custody, which the court set for hearing on Monday, May 10, 1999. Because Respondent was feeling ill the Friday before the hearing. Respondent told Client there would be no hearing on May 10 and instructed her not to go to court. On Monday morning, she called opposing counsel's office and the court, leaving messages that neither she nor her client would appear in court that day. The court did not receive that message before the case was called and heard. The court granted Husband interim custody of Child.

Respondent filed motions and other documents seeking relief from the interim custody order, which were heard on August 17, 1999. The entire hearing was devoted to the circumstances surrounding Respondent's and Client's failure to appear at the May 10 hearing. Client was never heard on her claim for interim custody. In September 1999, Respondent presented Client with a bill for her services totaling S20,204.05. After Client terminated Respondent's employment. Respondent filed both a motion to withdraw her appearance and a motion to modify custody on Client's behalf. In October, Respondent delivered a letter to Client, asking to be allowed to continue with the representation and suggesting that if not allowed. Respondent might have to reveal negative information about Client to the court.

Respondent attempted to raise a defense of laches. "[M]ere delay does not preclude disciplinary action—generally, there must be some showing of clear and specific prejudice." *Matter of Siegel,* 708 N.E.2d 869, 871 (Ind.1999). The hearing officer found and we agree that Respondent made no showing that she was prejudiced by the delay. We also note Respondent bore some responsibility for the delay in these proceedings.

**Violations:** The Court concludes that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failure to provide competent representation.

1.3: Failure to act with reasonable diligence and promptness.

1.4(b): Failure to explain matter to extent reasonable necessary to permit client to make informed decisions.

1.5(a): Charging an unreasonable fee.

1.16(a): Continuing to perform work on Client's case after Respondent's representation had been terminated.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of at least two years, beginning October 10, 2008.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

This disposition renders moot the Commission's "Verified Petition to Determine Disability," filed August 2, 2005.

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.