In the MATTER OF Kurt
F. PANTZER, III,
Respondent.

No. 49S00–0805–DI–225.

Supreme Court of Indiana.

Nov. 30, 2010.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Lisa F. Borges, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** Neither party filed a petition for review of the hearing officer's findings of fact. Thus, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind.2000).

In early 2002, the owners of undeveloped property ("Homeowners") dumped soil from the excavation of a basement onto a field in which one of Respondent's clients has a leasehold interest. In June 2002, a related client hired a contractor to remove the soil from the field for $4,500. No documentation was generated during the transaction.

In November 2003, Respondent sent Homeowners a demand for payment of the cost of removing the soil. Suspecting that the amount of soil removed included soil others had dumped onto the field, Homeowners requested documentation to substantiate the amount of soil allegedly removed and the amount paid. Respondent filed a small claims action on January 30, 2004, on behalf of the clients against Homeowners. Respondent then sent a letter to the contractor requesting him to send an invoice for the removal of the soil ("Request Letter"). The contractor refused to generate an invoice but instead sent Respondent a blank invoice form to use as he saw fit. Respondent filled in the blank form to create an invoice showing the correct amount paid to a contractor ($4,500) at "$90.00 per load." Respondent supplied this invoice to opposing counsel with a cover letter stating that it was the contractor's invoice.

After receiving the invoice Respondent had created, opposing counsel initiated third-party discovery on the contractor seeking further information about the transaction. Respondent filed a motion to quash, asserting that the only relevant document the contractor could provide was its invoice, which Respondent had already provided. In support of his motion, Respondent attached copies of the Request Letter and the invoice he created. Respondent provided the court with a draft order granting the motion to quash, which stated that his clients had voluntarily provided the Homeowners with the documents requested by third party discovery.[1]

Respondent knew the statements made in the motion and draft order were false. Respondent testified that he did not tell opposing counsel or the court that he had created the invoice from a blank form provided by the contractor because he did not believe it was relevant. The hearing officer rejected his contention that he had been given authority by the contractor to act as his agent in creating the invoice. Respondent denies that he did anything unethical.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

3.3(a)(1): Knowingly making a false statement of fact or law to a tribunal.

3.4(a): Unlawfully obstructing another party's access to evidence.

3.4(b): Falsifying evidence.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

**Discipline:** The accuracy of documents and instruments utilized by a tribunal in a proceeding is of the utmost importance to the administration of justice, and fraudulent creation or alteration of such documents by an officer of the court is therefore serious misconduct. *See Matter of Darling,* 685 N.E.2d 1066, 1068 (Ind.1997) (forging notary signature on documents filed in court). *See also Matter of Vogler,* 587 N.E.2d 678 (Ind.1992) (fabricating lease for use in ejectment action); *Matter of Barratt,* 663 N.E.2d 536 (Ind.1996) (fabricating letter and testifying that it was authentic).

Homeowners requested Respondent to provide the contractor's invoice because they questioned the accuracy of the information provided by Respondent. Respondent filled the blank invoice with his clients' allegations and presented it as coming from the contractor. Even though the invoice correctly reflected the amount paid the contractor, this was not the only point of dispute. Respondent refuses to acknowledge any wrongdoing in misrepresenting the source of the fabricated evidence to both opposing counsel and the trial court. We agree with the hearing officer's recommendation that a period of suspension is warranted, and we conclude that Respondent should go through the reinstatement process to prove his understanding of his ethical duties and remorse before resuming practice. We note that regardless of the date on which Respondent is eligible to seek reinstatement, his petition would be granted only if he meets the most stringent requirements of proving by clear and convincing evidence that his rehabilitation is complete and he can safely reenter the legal profession. *See* Admis. Disc. R. 23(4)(b).

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for**

---

1. The motion to quash was denied, and the case was eventually settled by payment of $500 by Homeowners and dismissal of the suit with prejudice.

a period of not less than 90 days, without automatic reinstatement, beginning January 7, 2011. Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except SHEPARD, C.J., and DICKSON, J., who dissent, believing that the punishment should be more severe in light of the Respondent's creation and presentation of false documents to the court and his subsequent efforts to obstruct the discovery of his misrepresentation.