SULLIVAN, Justice,
dissenting.
I find Respondent's conduct warrants a more severe sanction than do my colleagues. More egregious to me than the ex parte contact with Judge Clem is the fact that Respondent caused an instrument (the protection order) to be altered in a way with material legal consequences (by inserting the reference to the South Central Way Property which was not in fact covered by the protection order) and then using that instrument to the detriment of another (by preventing client's husband from removing property that he had obtained a court order permitting him to remove, by causing him to be threatened with arrest, and by causing him to incur additional attorney fees).
We have in the past been faced with the same pattern of misconduct-a lawyer fabricating or altering an instrument in a way with material legal consequences and then using that instrument to the detriment of another. In the very recent case of In re Pantzer, 937 N.E.2d 807 (Ind.2010), a lawyer fabricated an invoice and submitted it to the court in connection with a discovery dispute. This Court suspended the lawyer for 90 days (without automatic reinstatement). In the case of In re Barratt, 663 N.E.2d 536 (Ind.1996), a lawyer fabricated a letter offering to compromise a claim for the payment of money and submitted it to disciplinary authorities as evidence of a compromise offer when in fact there had been no such offer. This Court suspended the lawyer for a period of one year. Even in a case where an instrument was altered in a way with material legal consequences but not used to the detriment of another, we suspended the lawyers involved for 90 days. In re Cholis, 484 N.E.2d 963 (Ind.1985) (lawyers altered a will's beneficiary designation from the testator's widow to his son-at the widow's request).
Following these precedents, I believe a suspension of at least 90 days is warranted here.